FILED'09 MAY 15 11:13USDC-LAE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

FRANCES GUARDALABENE      *

        *

     **Plaintiff,**      *      Civil action No. **09-3552**

        *

**v.**      *      Section **SECT.R MAG2**

        *      Magistrate _____

**GE MONEY BANK, CENTRAL CREDIT**    *

**SERVICES, INC., CREDIT CONTROL, LLC,**   *

**TATE & KIRLIN ASSOCIATES, LVNV**    *

**FUNDING, LLC, COLLECTORS TRAINING**   *

**INSTITUTE OF ILLINOIS, INC., ENCORE**    *

**RECEIVABLE MANAGEMENT, INC.,**     *

**NATIONWIDE CREDIT, INC., RESURGENT**   *

**CAPITAL SERVICES, LP, EXPERIAN**     *

**INFORMATION SOLUTIONS, INC., TRANS**   *

**UNION, LLC AND EQUIFAX INFORMATION** *

**SERVICES, LLC**         *

        *

     **Defendants.**      *

**********************************************

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.     Introduction

1.     This is a civil action brought by an individual consumer under the Fair Credit Reporting

     Act (FCRA), 15 U.S.C. § 1681, *et seq.* and the Fair Debt Collection Practices Act

     (FDCPA), 15 U.S.C. § 1692, *et seq.* against all defendants. Plaintiff also brings pendent

     state law claims against defendants GE Money Bank, Resurgent Capital Services, LP and

     LVNV Funding, LLC.   Plaintiff also brings a claim under the Fair Credit Billing Act, 15

     U.S.C. § 1699, *et seq.* (FCBA) against defendant GE Money Bank.



1

## II.    Jurisdiction

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 and 1337.

## III.    Parties

3.    Plaintiff, Frances Guardalabene (hereinafter, the "Plaintiff") is a natural person who resides in St. Bernard Parish, Louisiana, and is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).  Plaintiff is also an alleged "debtor" as defined by the FDCPA, 15 U.S.C. § 1692a, although she denies that she owes any amount of the alleged "debts."

4.    Defendant GE Money Bank (hereinafter, "GEMB") is a foreign corporation not authorized to do but doing business in the State of Louisiana, and is a person(s) who furnishes credit information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2.  GEMB is a wholly owned subsidiary of General Electric Company whose registered agent for service of process in the State of Louisiana is CT Corporation System, 5616 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808.  GEMB may be served through its parent corporation, General Electric Company.

5.    Defendant Central Credit Services, Inc. (hereinafter, "CCS"), is a foreign corporation authorized to and doing business in the State of Louisiana.  CCS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a.  CCS's registered agent for service of process in the State of Louisiana is Lexis Document Services, Inc., 320 Somerulos Street, Baton Rouge, LA 70802.

6.      Defendant Credit Control, LLC (hereinafter, "Credit Control"), is a foreign corporation authorized to and doing business in the State of Louisiana.  Credit Control is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a.  Credit Control's registered agent for service of process in the State of Louisiana is CT Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808.

7.      Defendant Tate & Kirlin Associates, Inc. (hereinafter, "Tate & Kirlin"), is a foreign corporation not authorized to, but doing business in the State of Louisiana.  Tate & Kirlin is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a.  Tate & Kirlin does not have a registered agent for service of process in the State of Louisiana, but may be served at its principal office at 2810 Southampton Road, Philadelphia, PA 19154.

8.      Defendant LVNV Funding, LLC (hereinafter, "LVNV"), is a foreign corporation authorized to and doing business in the State of Louisiana, and is a person(s) who furnishes credit information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2.  Additionally, LVNV is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a.  LVNV's registered agent for service of process in the State of Louisiana is CT Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808.

9.      Defendant Collectors Training Institute of Illinois, Inc. (hereinafter, "CTI") is a foreign corporation authorized to and doing business in the State of Louisiana.  CTI is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a.  CTI's registered agent for service of process in the State of Louisiana is the Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802.

10.  Defendant Nationwide Credit, Inc. (hereinafter, "Nationwide") is a collection agency authorized to and doing business in the State of Louisiana.  Nationwide is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a.  Nationwide may be served at its principal office at 8550 United Plaza Blvd., Baton Rouge, LA 80809.

11.  Defendant Encore Receivable Management, Inc. (hereinafter, "Encore"), is a foreign corporation authorized to and doing business in the State of Louisiana.  Encore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a.  Encore's registered agent for service of process in the State of Louisiana is CT Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808.

12.  Defendant Resurgent Capital Services, LP (hereinafter, "Resurgent"), is a foreign partnership authorized to and doing business in the State of Louisiana, and is a person(s) who furnishes credit information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2.  Additionally, Resurgent is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a.  Resurgent's registered agent for service of process in the State of Louisiana is CT Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808.

13.  Defendant Experian Information Solutions, Inc. (hereinafter, "Experian") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).  Experian is a foreign corporation authorized to do and doing business in the State of Louisiana, whose registered agent for service of process in the State of Louisiana is CT Corporation System, 5616 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808.

14.   Defendant Trans Union, LLC (hereinafter, "Trans Union") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).   Trans Union is a foreign corporation authorized to do and doing business in the State of Louisiana, whose registered agent for service of process in the State of Louisiana is The Prentice-Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, LA 70802-6129.

15.   Equifax Information Services, LLC (hereinafter, "Equifax") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).   Equifax is a foreign limited liability company authorized to do and doing business in the State of Louisiana, whose registered agent for service of process in the State of Louisiana is the Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802-6129.

### IV.   **Factual Allegations**

16.   Plaintiff is a hearing impaired, 76 year old widow, whose nearest relative lives in Mobile, Alabama.   She lives alone in the same house she has lived in for over 46 years, other than the two years after Hurricane Katrina in which she lived in a FEMA trailer outside her home.

17.   On or about October 31, 2006, Plaintiff lost her medicare card, which contained personal information including her social security number.   Shortly thereafter, Plaintiff became the victim of identity theft.   Prior to this point, Plaintiff had never missed a payment on any account of any kind, and rarely if ever used credit in any form.

18.   Thereafter, someone began opening revolving credit accounts, bank accounts, online accounts and retail store charge accounts in Plaintiff's name.   Plaintiff made this

unfortunate discovery when she was rebuffed when she attempted to write a check to Home Depot for sheetrock to repair her flood damaged home.

19.     For the next several months, Plaintiff was forced to carry cash for all transactions involving her home repairs and household expenses.  Consequently, Plaintiff set about disputing accounts and requesting removal of accounts and charges from her credit records.  Some financial institutions were cooperative and others were not.

20.     On July 9, 2007, Plaintiff filed an Incident Report with the Saint Bernard Parish Sheriff's Office (hereinafter, the "police report"), wherein she detailed the identity theft at issue.

## The Walmart Account No. 6032201410380417

21.     Commencing in mid to late 2007, Plaintiff began receiving telephone calls from GEMB attempting to collect outstanding balances on a Walmart credit card account no. 6032201410380417, issued and serviced by GEMB.  Each time GEMB called, Plaintiff informed GEMB that she was the victim of identity theft and that the subject account was not hers.  Rather than rectify the problem at the outset, GEMB compounded it by selling the highly disputed account to LVNV.  Thereafter, LVNV placed the disputed account for collection and Plaintiff began receiving non-stop collection calls from CCS.

22.     On January 11, 2008, Plaintiff called CCS at 866-395-8666 and spoke to a Mr. Stewart, to whom Plaintiff disputed the account and requested copies of the account agreement, statements or other evidence of account validation.  Mr. Stewart promised to mail the requested information and provided a confirmation number 3584174, which is believed to be CCS' internal account number for the Walmart account.

23.   On February 1, 2008, CCS wrote to Plaintiff to confirm an alleged agreement whereby Plaintiff purportedly agreed to pay a reduced amount to settle account no. 6032201410380417.   CCS's client is listed as LVNV Funding, LLC and the original creditor is listed as GE Capital.   In response, Plaintiff again called CCS and informed them of her identity theft and requested the account be removed from her records.

24.   On or about February 20, 2008, Plaintiff returned to the St. Bernard Parish Sheriff's Department and sought assistance with some creditors who were unwilling to accept her claims of identity theft, GEMB among them.   At the time, Plaintiff believed the account was still owned by GEMB and/or Walmart.   While there, a Sheriff's representative, believed to be Captain David DiMaggio, called CCS to confirm Plaintiff's identity theft and offered to fax the police report evidencing the same.   That same day, Plaintiff received another letter from CCS, again purportedly confirming Plaintiff's agreement to settle the account.

25.   The telephone calls did not stop; on some days Plaintiff received calls every two hours from CCS.   On each occasion, Plaintiff informed such representatives that she was a victim of identity theft and to remove her name and contact information from their records.   On one such occasion, the representative instructed Plaintiff to send in an affidavit of fraud, but disconnected before informing Plaintiff how to do so.

26.   On March 1, 2008, Plaintiff wrote a letter to GE Capital and requested an affidavit of fraud.   In such correspondence, Plaintiff notified GEMB that the account was not her responsibility and included a copy of the police report.

27.     On March 12, 2008, Plaintiff faxed a completed Affidavit of Fraud and another copy of the police report to CCS, to the attention of Mr. Stewart, at fax number (904) 727-9472.

28.     By letter dated April 8, 2008, Credit Control notified Plaintiff that LVNV had placed the Walmart account with it for collection, referencing the original account ending in 0417. Thereafter, Plaintiff began receiving telephone calls from Credit Control seeking payment of the disputed debt. On each occasion, Plaintiff notified the representative that she was a victim of identity theft and to remove her name and contact information from their records.

29.     On May 2, 2008, Plaintiff sent a certified letter to Credit Control disputing the account, again requesting full validation thereof, and again enclosing a copy of the police report. Plaintiff continued to receive telephone calls from Credit Control seeking payment of the disputed account.

30.     On July 1, 2008, Staff Attorney Ardis Agosto of New Orleans Legal Assistance wrote to Credit Control via certified mail, and once again formally disputed the WalMart account and referenced Credit Control's internal account number and reference number.  Once again, this letter included affidavits of fraud, the police report and prior correspondence corroborating Plaintiff's contention that the account was not her responsibility.

31.     By letter dated October 15, 2008, Tate & Kirlin notified Plaintiff that LVNV had placed Walmart account number 6032201410380417 with it for collection and offered to settle the account for a 30% reduction.  Notably, this letter is addressed to Plaintiff, as well as Latoya Jordan.

32.    On October 27, 2008, Plaintiff spoke with Tate & Kirlin representative Tiffany, who instructed Plaintiff to fax documents to corroborate Plaintiff's repeated contention that she was a victim of identity theft.  That same day, Plaintiff faxed the police report to Tiffany at 267-672-9400.

**Credit Reporting:**

33.    At the urging of the St. Bernard Parish Sheriff's Department in early-January 2008, Plaintiff called Trans Union's Fraud Victim Assistance Department at 877-680-7289, Experian's Consumer Fraud Assistance Department at 800-972-0322 and Equifax Information Services, LLC at 800-525-6285 to dispute account number 6032201410380417 and report her identity theft.

Trans Union:

34.    On January 16, 2008, Trans Union responded to Plaintiff's dispute by requesting a Proof of Plaintiff's Address.  Plaintiff responded by forwarding a copy of the police report, a copy of her Louisiana State Driver's License and a copy of a utility (Entergy) bill.

35.    Upon information and belief, Trans Union ignored Plaintiff's follow up disputes.

36.    On Plaintiff's December 24, 2008 Trans Union credit report, LVNV was reporting account number 6032201410380417 and listed the collateral as GE Capital Wal Mart. However, the entry included a remark that the account was disputed by consumer.

37.    As of April 23, 2009, LVNV is still reporting account number 603220141038 to Trans Union, which still lists it as disputed by consumer.

Equifax:

38.     On February 22, 2008, Equifax responded to Plaintiff's dispute, stating that it agreed with Plaintiff's contention, and that it had removed the GEMB/Walmart account no. 603220141038 from Plaintiff's credit records.   At some point thereafter for reasons unknown, Equifax reversed its decision and commenced reporting the account anew.

39.     On July 1, 2008, Plaintiff wrote to Equifax via certified mail, and formally disputed the Walmart/GE Capital account ending in 0417.   Therein, Plaintiff included a copy of her driver's license for identity confirmation, a copy of the police report and copies of correspondence confirming her dispute with the creditor.

40.     On August 1, 2008, Equifax wrote to Plaintiff to inform her that the Walmart account number 0417 and the Walmart/GE Capital account number 0417 were not then reporting on her credit file.   Nevertheless, on this very report, LVNV was reporting partial account number 603220141038 as undisputed.

41.     On Plaintiff's January 6, 2009 Equifax credit report, LVNV was reporting partial account number 603220141038.   The account was listed as disputed by consumer.

42.     As of April 23, 2009, LVNV is still reporting account number 603220141038 to Equifax, which now lists it as an undisputed collection account.

Experian:

43.     Experian initially failed to respond to Plaintiff's dispute, but on Plaintiff's February 9, 2008 Experian credit report, the GEMB/Walmart account no. 603220141038 was listed as charged off and purchased by another lender.

10

44.     On July 1, 2008, Plaintiff wrote to Experian via certified mail, and formally disputed the GEMB/Walmart account number 603220141038.  Therein, Plaintiff included a copy of her driver's license for identity confirmation, a copy of the police report and copies of correspondence confirming her dispute with the creditor.

45.     On Plaintiff's July 9, 2008 Experian credit report, LVNV was reporting partial account number 603220141038 as undisputed, and listed the original creditor as GE Capital Walmart.

45.     On July 11, 2008, Experian responded to Plaintiff's dispute by notifying her that it was unable to honor her dispute request because Plaintiff had failed to provide sufficient identification information.

46.     On August 6, 2008, Plaintiff again wrote to Experian via certified mail, and formally disputed the GEMB/Walmart account number 603220141038.  Therein, Plaintiff included a copy of her driver's license and a copy of her utility (Entergy) bill for identity confirmation, a copy of the police report and copies of correspondence confirming her dispute with the creditor.

47.     Upon information and belief, Experian ignored Plaintiff's follow up disputes.

48.     On Plaintiff's February 5, 2009 Experian credit report, LVNV was reporting partial account number 603220141038 and listed the original creditor as GE Capital Walmart. However, the account was listed as disputed by consumer.

49.     As of April 23, 2009, LVNV is still reporting account number 603220141038 to Experian, which lists the account as disputed by subscriber.

**The PayPal Account Number 5218531009274243**

50.    Commencing in mid 2007, Plaintiff began receiving telephone calls and statements
       seeking collection of a PayPal Plus credit card number 5218531009274243. PayPal Plus
       credit cards are issued and serviced by GEMB. Each time Plaintiff answered the
       telephone, Plaintiff informed GEMB that she was the victim of identity theft and that the
       subject account was not hers.

51.    By letter dated September 20, 2007, GEMB acknowledged Plaintiff's contention that
       account number 5218-5310-0516-6344 previously known as 5218-5346-5516-6341 was
       opened without Plaintiff's authorization. Included therein were a questionnaire and an
       Affidavit of Fraud and Forgery.

52.    On January 24, 2008, Plaintiff wrote to PayPal Plus (GEMB) to dispute the account and
       inform it of Plaintiff's identity theft. Plaintiff included a copy of the police report and the
       completed questionnaire.

53.    On March 10, 2008, Plaintiff answered a call from PayPal Plus (GEMB) and again
       informed the representative that she was the victim of identity theft, and requested her
       name and contact information be removed from their records. The representative
       instructed Plaintiff to complete an affidavit of fraud and send it to them. Plaintiff mailed
       the Affidavit of Fraud and Forgery, along with the police report, that same day.

54.    By letter dated March 14, 2008, Encore informed Plaintiff that GEMB had placed the
       PayPal Plus credit card account ending in 4243 with it for collection.

55.  On March 27, 2008, Plaintiff wrote to PayPal Plus (GEMB) and reminded the company that Plaintiff had previously sent the police report confirming her identity theft, but nevertheless requested another affidavit be sent to her.  Plaintiff included with this letter, a copy of the PayPal Plus statement dated March 8, 2008.

56.  On April 7, 2008, Staff Attorney Ardis Agosto of New Orleans Legal Assistance wrote to the PayPal/GE Money Fraud Department, with a copy to Encore, and once again informed GEMB that Plaintiff was the victim of identity theft.  Attorney Agosto, on Plaintiff's behalf, disputed accounts in Plaintiff's name, as well as accounts ending in 4243, 6344, 6341 and 9762, as well as internal encore account number 2675942.  With this letter, Attorney Agosto included two Affidavits of Fraud and Forgery, an Identity Theft Affidavit and the Declaration of Frances Guardalabene, evidencing such identity theft.

57.  By letter dated May 8, 2008, GEMB wrote to Plaintiff concerning PayPal Plus account number ending in 4243.  Therein, GEMB generously stated: "We can help" by suggesting Plaintiff use her Economic Stimulus tax rebate to pay off the account.

58.  On May 19, 2008, Plaintiff wrote to PayPal Plus' (GEMB) Credit Report Billing Inquiry department, and once again disputed the fraudulently opened account number 52185310009274243.  Yet again, Plaintiff included a copy of the police report, an ID Theft Affidavit, two Affidavits of Fraud and Forgery, a completed Fraudulent Account Statement form, the Declaration of Frances Guardalabene, and a copy of Attorney Ardis Agosto's April 7, 2008 letter to PayPal Plus (GEMB) and Encore.

59.    PayPal Plus (GEMB) ignored this information and sent account statements for April and May 2008.

60.    By certified letter dated July 1, 2008, Attorney Ardis Agosto of New Orleans Legal Assistance wrote to the PayPal/GEMB Fraud Department to once again formally dispute accounts ending in 4243, 6344, 6342, 9762, and any other account opened in Plaintiff's name.   Yet again, Attorney Agosto included police records, affidavits, and previous correspondence.   This letter was received by GEMB on July 5, 2008.

61.    By certified letter dated July 1, 2008, Attorney Ardis Agosto of New Orleans Legal Assistance wrote to Encore to once again formally dispute accounts ending in 4243, 6344, 6342, 9762, and any other account opened in Plaintiff's name.   Yet again, Attorney Agosto included police records, affidavits, and previous correspondence.   This letter was received by Encore on July 7, 2008.

62.    On July 16, 2008, NCI wrote to Plaintiff to notify her that PayPal Dual Card – GEMB had placed account number 5218531009274243 with it for collection.

63.    For the next several months, Plaintiff received innumerable telephone calls and messages from NCI regarding the PayPal Dual card.   On each occasion, Plaintiff informed the caller that she was the victim of identity theft and to remove her name and contact information from their records.

64.    Rather than rectify the problem, GEMB again compounded it by selling the highly disputed account to Resurgent.   Thereafter, Resurgent placed the disputed account for collection and Plaintiff began receiving non-stop collection calls from CTI.   On each

occasion Plaintiff answered the telephone, she notified CTI that she was the victim of identity theft and to remove her name and contact information from their records.

65.    By letter dated November 3, 2008, CTI wrote to Plaintiff to inform her that Resurgent had placed PayPal Plus (GEMB) account number 5218531009274243 with it for collection.   Page 2 of this letter notified Plaintiff of, among other things, that Resurgent and LVNV are related companies, collectively known with others as the "Sherman Companies."

66.    On April 9, 2009, Northland Group, Inc. wrote to Plaintiff to notify her that LVNV had purchased account number 5218531009274243 from GE Capital/Paypal Plus, and placed it with Northland for collection.  Page 2 of this letter notified Plaintiff of, among other things, that Resurgent and LVNV are related companies, collectively known with others as the "Sherman Companies."  No other mention was made of Resurgent.

**Credit Reporting:**

67.    Upon information and belief, GEMB did not report the PayPal Plus account to any of the three credit reporting agencies.

68.    Nevertheless, by certified letter dated July 1, 2008, Plaintiff wrote to Equifax to formally dispute Encore accounts ending in 4234, 6344, 6341 and any other account acquired from PayPal (GEMB) ending in 4243.  This letter also formally disputed and PayPal (GEMB) account ending in 4243, 6344 and 6341.  Equifax received this letter on July 6, 2008.

69.     On Plaintiff's February 5, 2009 Experian credit report, LVNV reported partial account number 521853100927 as undisputed, having been opened in October 2008 and listed the original creditor as GE Capital Paypal Plus.

70.     As of April 23, 2009, LVNV is reporting account number 521853100927 to all three credit reporting agencies.  The account is listed as an undisputed collection account by all three bureaus.

## First Claim for Relief

## (Fair Credit Reporting Act)

71.     Plaintiff realleges paragraphs 1 – 70 as though fully set forth herein.

72.     Defendants GEMB, CCS, Credit Control, Tate & Kirlin, Resurgent, LVNV, Encore, CTI and Nationwide are "furnishers of credit information" as defined by 15 U.S.C. § 1681a(c).

73.     Defendants GEMB, CCS, Credit Control, Tate & Kirlin, Resurgent, LVNV, Encore, CTI and Nationwide negligently and willfully failed to comply with the requirements of the FCRA, 15 U.S.C. § 1681s-2(a) and 15 U.S.C. § 1681s-2(b).

74.     As a result of GEMB, CCS, Credit Control, Tate & Kirlin, Resurgent, LVNV, Encore, CTI and Nationwide's failure to comply with the requirements of the FCRA, Plaintiff has suffered actual damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, for which she seeks damages in an amount to be determined by the jury, in addition to

statutory damages in an amount to be determined by the Court.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

75.   Plaintiff is entitled to attorney's fees in accordance with 15 U.S.C. § 1681n(a).

## **Second Claim for Relief**

### **(Fair Debt Collection Practices Act)**

76.   Plaintiff realleges paragraphs 1 – 70 as though fully set forth herein.

77.   Plaintiff is an alleged "debtor" as defined by 15 U.S.C. § 1692a, although she denies that she owes any amount of the alleged "debts."

78.   Defendants CCS, Credit Control, Tate & Kirlin, LVNV, CTI, Nationwide, Encore and Resurgent are "debt collectors" as defined by 15 U.S.C. § 1692a.

79.   Defendants CCS, Credit Control, Tate & Kirlin, LVNV, CTI, Nationwide, Encore and Resurgent violated 15 U.S.C. § 1692e(8) by causing information to be reported to the credit reporting agencies which they knew to be false or should have known to be false.

80.   Defendants CCS, Credit Control, Tate & Kirlin, LVNV, CTI, Nationwide, Encore and Resurgent violated 15 U.S.C. § 1692e by representing that Plaintiff owed amounts that she did not owe.

81.   Defendants CCS, Credit Control, Tate & Kirlin, LVNV, CTI, Nationwide, Encore and Resurgent violated 15 U.S.C. § 1692(c)(a)(2) by communicating with Plaintiff when they knew, or should have known Plaintiff was represented by counsel.

82.     Defendants CCS, Credit Control, Tate & Kirlin, LVNV, CTI, Nationwide, Encore and Resurgent violated 15 U.S.C. § 1692(c) by communicating with Plaintiff after they knew, or should have known Plaintiff requested cessation of all communication.

83.     Defendants CCS, Credit Control, Tate & Kirlin, LVNV, CTI, Nationwide, Encore and Resurgent violated 15 U.S.C. § 1692(d)(5) by causing Plaintiff's telephone to ring incessantly with the intent to annoy, abuse and harass Plaintiff.

84.     Defendants LVNV and Resurgent violated 15 U.S.C. § 1692(e)(2)(a) by falsely representing the character and legal status of the alleged debt.

85.     Defendants CCS, Credit Control, Tate & Kirlin, LVNV, CTI, Nationwide, Encore and Resurgent violated 15 U.S.C. § 1692g(b) by continuing collection activities within 30 of receipt of formal dispute and notification that Plaintiff requested validation of the account. Each of these defendants could have prevented the continuation of collection activities by coding the account properly when returning it to the account owner, and/or by ensuring accuracy in its reporting.

86.     Defendant CCS violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection of a debt. Specifically, CCS' letters falsely claim Plaintiff had agreed to settle the account for less than the full amount allegedly due.

87.     As a result of CCS, Credit Control, Tate & Kirlin, LVNV, CTI, Nationwide, Encore and Resurgent's failure to comply with the requirements of the FDCPA, Plaintiff has suffered actual damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, for which

18

she seeks damages in an amount to be determined by the jury, in addition to statutory damages in an amount to be determined by the Court.

## **Third Claim for Relief**

### **(Fair Credit Reporting Act)**

88.     Plaintiff realleges paragraphs 1 – 70 as though fully set forth herein.

89.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

90.     Defendants Experian, Equifax and Trans Union are "consumer reporting agencies" as defined by 15 U.S.C. § 1681a.

91.     Defendants Experian, Equifax and Trans Union each negligently and willfully failed to comply with the requirements of the FCRA in the following ways:

    a)      failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer reports, as required by 15 U.S.C. § 1681e(b); and

    b)      failing to comply with the reinvestigation requirements of 15 U.S.C. § 1681i(a).

92.     As a result of defendants Experian, Equifax and Trans Union's failure to comply with the requirements of the FCRA, Plaintiff has suffered actual damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, for which she seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be

determined by the jury in accordance with 15 U.S.C. § 1681n, in addition to statutory damages in an amount to be determined by the Court.

93.     Plaintiff is entitled to attorney's fees in accordance with 15 U.S.C. § 1681n(a).

**<u>Fourth Claim for Relief</u>**

**(Civil Conspiracy, Louisiana Civil Code Article 2324)**

94.     Plaintiff realleges paragraphs 1 – 70 as though fully set forth herein.

95.     Defendants GEMB, Resurgent and LVNV acted in concert to deceive Plaintiff into paying amounts they knew Plaintiff did not owe.  After countless verbal disputes and multiple written disputes, both by certified and regular mail, GEMB, Resurgent and LVNV cannot claim to have been unaware of Plaintiff's identity theft.  Rather than simply deleting the accounts altogether, these defendants conspired to perpetuate accounts they knew to be invalid.

96.     Defendants GEMB, Resurgent and LVNV engaged in a fraudulent scheme to perpetuate invalid debts by selling the accounts upon receipt of a valid dispute.  These defendants' actions were done intentionally and with the purpose of collecting debts they knew Plaintiff did not owe.

97.     Defendants GEMB, Resurgent and LVNV acted in concert to extend any statutes of limitations or other statutory limitations relative to the accounts by selling the account to one another.  When the accounts were sold by GEMB, the account open dates were listed as the sale date, rather than the date the account was actually opened, thus illegally extending the time by which such account may be collectable.   Moreover, when GEMB

sold the PayPal Plus account to Resurgent who in turn sold it to LVNV, these defendants conspired to evade and circumvent the requirements of the FDCPA and FCRA in order to allow the purchaser of the account to contend it was unaware of any disputes.

98.     As a result of defendants GEMB, Resurgent and LVNV's conspiracy, Plaintiff has suffered actual damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, for which she seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

### Fifth Claim for relief

### (Fair Credit Billing Act)

99.     Plaintiff realleges paragraphs 1 – 70 as though fully set forth herein.

100.    Defendant GEMB violated the Fair Credit Billing Act, 15 U.S.C. § 1666, *et seq.* by its persistent refusal and failure to respond to Plaintiff's multiple dispute letters within 60 days of each one; by its failure to take either action provided in 15 U.S.C. § 1666(B); by its failure to conduct lawful investigations of Plaintiff's multiple disputes; and by reporting disputed amounts to third parties without having met the requirements of 15 U.S.C. § 1666a.

101.    As a result of GEMB's astonishing inaction and failure to abide by the requirements of the FCBA, GEMB is liable to Plaintiff for actual and statutory damages, and for attorney's fees and costs pursuant to 15 U.S.C. § 1640.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief in her favor and against each defendant for:

a)  Actual damages in an amount to be determined by the jury;

b)  Statutory damages in an amount to be determined by the Court;

c)  Punitive damages in an amount to be determined by the jury;

d)  Attorney's fees, litigation expenses and costs; and

e)  Such other and further relief as is appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY.

DATED this 15th day of May, 2009.

LAW OFFICES OF MARC R. MICHAUD


Marc R. Michaud, La. Bar No. 28962
5721 Magazine Street, PMB No. 168
New Orleans, LA 70115
(504) 267-1657 (Telephone)
(504) 267-1656 (Facsimile)
marc@marcmichaudlaw.com (Email)
Attorney for Frances Guardalabene